NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| CERF SPV I, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>CHEROKEE INVESTMENT PARTNERS III, L.P., et al.,<br><br>    Defendants. | No. CV 11-80272 MISC RS (NJV)<br><br>**ORDER GRANTING THIRD PARTIES' REQUEST TO WITHDRAW MOTION TO QUASH**<br><br>(Docket No. 24) |

The district court has referred all discovery matters in this case to the undersigned, including the motion to quash five Rule 45 subpoenas that non-parties Zeneca, Inc. ("Zeneca") and Cherokee Simeon Venture I, LLC ("CSV") filed on November 4, 2011. *See* Doc. Nos. 1, 5. CERF SPV I, LLC ("CERF"), which served the subpoenas at issue, opposed the motion. After the motion had been fully briefed and after the parties obtained a number of continuances to allow them time to meet and confer regarding the discovery dispute, Zeneca and CSV requested to withdraw their motion. Doc. No. 20. A party may unilaterally withdraw a motion within seven days after an opposition has been filed, but after that time must obtain approval from the Court. N.D. L.R. 7-7(e). The Court did not grant the original request to withdraw the motion and ordered CERF, CSV and Zeneca to meet and confer further. After the parties did so, Zeneca and CSV renewed their request to withdraw their motion. Doc. No. 24. The Court heard oral argument regarding the request to

withdraw and the motion to quash on February 28, 2012. For the reasons stated below, the Court GRANTS the request to withdraw the motion to quash.

## BACKGROUND

CERF is the plaintiff in a case for breach of contract and breach of the covenant of good faith and fair dealing that is pending in the Eastern District of California relating to environmental contamination at the site of the former Stauffer Chemical Company in Richmond, California (the "Underlying Litigation"). Zeneca, which owned the site until 2002 when it sold it to CSV, and CSV have been involved in investigating and remediating environmental contamination at the site. CERF loaned money to CSV to remediate and develop the site. Alleging that CSV defaulted on the loan, CERF sued in the Eastern District the entities that had guaranteed CSV's loan obligations. CERF did not sue CSV or Zeneca. CERF served Rule 45 subpoenas on CSV, Zeneca and three of their consultants (Zeneca denies that it was ever served with a subpoena).

The district court in the Underlying Litigation entered a case scheduling order that required all discovery motions to be *heard* by November 30, 2011. Doc. No. 24, Ex. B at 4-5. The scheduling order specifies that motions to compel discovery "must be noticed . . . so that such motions will be heard not later than November 30, 2011." *Id*. It further specifies that *all disputes* regarding discovery must be completed by December 30, 2011, including compliance with any discovery order. *Id*. at 5. The district court "will strictly enforce" the dates in the scheduling order. *Id*. at 1. In fact, the district court denied a request by the parties to extend the deadlines in the scheduling order. *Id*., Ex. A at 1. CSV and Zeneca, which are not parties to the Underlying Litigation, learned of the deadline at some point before filing their second request to withdraw the motion to quash. They informed this Court of the deadline for the first time on February 10, 2012.

## DISCUSSION

The only manner in which CERF could enforce its subpoenas in the face of the non-parties' refusal to produce documents was to apply for an Order To Show Cause why a contempt citation should not issue as to the third parties. Fed. R. Civ. P. 45(e); *Pablo v. ServiceMaster Global Holdings, Inc*., 2010 U.S. Dist. LEXIS 133799, *15 (N.D. Cal. Dec. 3, 2010) (third party subpoenas are enforced by filing an application for an order to show cause why sanctions should not issue).

2

CERF did not apply for such an order within the time contemplated by the scheduling order in the Underlying Litigation. (The Court notes that the non-parties' motion to quash also would not have been heard by the November 30, 2011 deadline, as it was not filed until November 4, 2011.) This Court declines to proceed in a manner that is contrary to the scheduling order in the Underlying Litigation, especially where the district court in the Underlying Litigation previously denied a request to modify scheduled deadlines.

In its tentative ruling, the Court stated it planned to award reasonable attorneys' fees to CERF to compensate CERF for having to respond to the withdrawn motion to quash. The Court remains concerned that gamesmanship may have been involved in the discovery dispute, but in light of the representation by counsel for CSV and Zeneca that as counsel for third parties he had not been aware of the scheduling order when he filed the motion to quash, the Court will not award attorneys fees to CERF.

**CONCLUSION**

The non-parties' request to withdraw their motion to quash is granted.

**IT IS SO ORDERED.**

Dated: March 1, 2012

NANDOR J. VADAS
United States Magistrate Judge